[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13660

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2009
THOMAS K. KAHN
CLERK

Agency No. A71-794-766

PEDRAM MOKARRAM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 2, 2009)

Before TJOFLAT and CARNES , Circuit Judges, and HOOD,* District Judge.

PER CURIAM:

---

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Petitioner seeks review of Respondent Department of Homeland Security's ("DHS") July 11, 2007, Order of Deportation pursuant to the Visa Waiver Program ("VWP") provision in § 217 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1187. Petitioner contends that he was wrongfully removed without the opportunity for a hearing on the grounds that, when he entered the United States, he did not waive his rights to a hearing under 8 U.S.C. § 1187, INA § 217. Respondent challenges the district court's transfer of the petition to this Court under 28 U.S.C. § 1631, arguing that it was not in the "interest of justice." Respondent further argues that Petitioner waived his right to a hearing when he entered the country under the VWP and that, in any event, his right to due process was not violated when he was removed without a hearing.

For the reasons stated below, the Court holds that Mokarram's petition was properly transferred to this Court from the district court in which it was originally filed and that, in the absence of a waiver of his right to due process, Mokarram was entitled a hearing prior to removal. Accordingly, we affirm the decision of the district court, vacate the Order of Deportation, and remand this matter to the DHS for further proceedings.

I.    BACKGROUND

Pedram Mokarram entered the United States of America in Charlotte, North Carolina, on December 7, 1988, at the age of 12. He was accompanied by a friend

2

of a relative who was neither Petitioner's guardian nor relative. The record related to Mokarram's entry is scant, but it includes a page from a Form I-94 Departure Record bearing the printed name "Pedrom Mokaram," a stamp, and additional handwriting, presumably that of an immigration officer, which indicate that he was admitted under Class "WT" until March 5, 1989.[1] The record also contains a copy of Mokarram's British passport, stamped to indicate that Mokarram was admitted to the United States in Charlotte, North Carolina, on December 7, 1988, as Class "WT," as well as a computer print-out of unknown provenance which again indicates that Mokarram was granted entry to the United States under admission class "WT."[2]

Petitioner remained in the United States unmolested until, on June 30, 2007, local law enforcement stopped him in Charlotte, North Carolina, for state traffic law violations. DHS placed a detainer on Petitioner and, after disposition of the state law charges, picked him up at the Etowah County Jail in Gadsden, Alabama.

An Order of Deportation was entered on July 11, 2007, stating in relevant part that it had been determined that Mokarram had violated the conditions of his

---

[1] "WT" means "waiver/tourist." *See Itaeva v. I.N.S.*, 314 F.3d 1238, 1239 (10th Cir. 2003).

[2] Notably, there is no record of Petitioner's waiver of rights upon entry. Indeed, at oral argument, the government conceded that it could not produce a waiver form for Mokarram because one could not be located.

December 7, 1988, admission to the United States because "[a]fter admission as a

nonimmigrant under Section 217 of said act, [Mokarram] remained in the United

States longer than authorized" and had "waived [his] right to contest any action for

deportation, except to apply for asylum, having been admitted under Section 217

of the [INA]."

On July 11, 2007, DHS also issued to Petitioner a Notice of Intent to Deport

for Violation of the Terms of Your Admission Under Section 217 of the INA. That

document provides, in relevant part, as follows:

> The Immigration and Naturalization Service has
> determined that you entered the United States pursuant to
> Section 217 of the Immigration and Nationality Act.
> Accordingly, you executed a Form I-791 Visa Waiver
> Pilot Program Information Form, that explained to you
> the conditions of admission under the Visa Waiver Pilot
> Program.[3] When you signed Form I-791, you also
> waived your right to contest deportability before an
> Immigration Judge and the Board of Immigration
> Appeals, and to any judicial review of any and all of the
> above decisions.

Finally, on July 11, 2007, DHS issued a Warrant under Section 217, commanding

that Mokarram be taken into custody and deported.

Mokarram filed a petition for writ of habeas corpus before the United States

---

[3] "The VWP was first enacted in 1986 and was entitled the Visa Waiver Pilot Program ("VWPP"). The program was so successful that in 2000 Congress made it permanent and renamed it the Visa Waiver Program." *Itaeva*, 314 F.3d at 1239, n.1. We will refer to the program as the VWP.

District Court for the Northern District of Georgia on July 24, 2007, challenging

DHS' efforts to remove him, as well as his detention. The Respondent challenged

the jurisdiction of the district court to review the final order of removal because

petition for review with the appropriate court of appeals is the "sole and exclusive

means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). As a

result, on August 3, 2007, the district court transferred the matter to this Court

pursuant to 28 U.S.C. § 1631 as a Petition for Review of the final order of removal

under § 217 of the INA.[4] Petitioner was ultimately removed from the United States

without a hearing on August 16, 2007.[5]

## II. STANDARDS OF REVIEW

We review the district court's decision to transfer Mokarram's petition to

this Court in the interest of justice under 28 U.S.C. § 1631 for an abuse of

discretion. *See Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)

(discussing transfer for convenience of parties and witnesses and in interest of

justice under 28 U.S.C. § 1404 for an abuse of discretion because it is "such an

inherently subjective decision"). In addition, we review subject matter jurisdiction

---

[4] On September 12, 2007, Mokarram filed a separate petition for review of his August 16, 2007, deportation "out of an abundance of caution." That Petition was docketed at No. 07-14247 and dismissed as untimely by another panel of this Court on December 18, 2007, as it was filed more than 30 days after the July 11, 2007, Order of Deportation.

[5] On October 22, 2007, this Court entered an order dismissing Petitioner's challenge to his detention as moot because he had already been deported. Accordingly, that issue is no longer before the Court.

and constitutional challenges *de novo*.  *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003); *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002), *superseded in part by statute*, Real ID Act, Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1252(a)(2)(D), *as recognized in Singh v. U.S. Att'y Gen.*, 11th Cir. 2008, ___ F.3d ____ (No. 08-10780, Dec. 31, 2008).

## III.  DISCUSSION

### A.  Transfer of Petition to This Court Was Not an Abuse of Discretion

An alien admitted under the VWP and determined by an immigration officer to be deportable shall be removed.  8 C.F.R. § 217.4(b)(1).  Such a removal is equivalent in all respects and has the same consequences as removal [resulting from proceedings before an immigration judge]."  8 C.F.R. § 217.4(b)(2).  A petition for review with the appropriate court of appeals is the "sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).

Under 28 U.S.C. § 1631, whenever a civil action is filed in a court that lacks jurisdiction to review it, the court in which the action or appeal was filed:

> . . . shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

6

We have held that a transfer is "in the interest of justice" where the party filed a petition "in the wrong court for very understandable reasons" and filing the petition in the appropriate court would now likely be time-barred. *ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998) (citation and internal quotation marks omitted).

It is undisputed that, at the time Mokarram filed his petition in the Northern District of Georgia, jurisdiction over the matter lay with this Court and not with the district court. As for whether the transfer was "in the interest of justice," it is also undisputed that filing the petition in this Court would now be time-barred. Furthermore, there is no evidence showing that Mokarram was aware that a final order of removal – necessitating a petition for review with this Court under 8 U.S.C. § 1252(a)(5) – had been entered against him before filing his petition for habeas relief with the district court. Thus, he filed his petition with the district court for "very understandable reasons." *Hickson*, 155 F.3d at 1276. We conclude from the record that the district court did not abuse its discretion in transferring Mokarram's petition to this Court under 28 U.S.C. § 1631. Accordingly, we affirm the district court's order of transfer.

### B. Due Process Required in Absence of Waiver

Under the VWP, certain aliens are permitted to enter the United States as a tourist for 90 days or less if they, among other things, waive any right "to contest,

7

other than on the basis of an application for asylum, any action for removal of the alien." 8 U.S.C. §§ 1187(a)(1), (b)(2). Although this statute limits judicial review, this Court retains jurisdiction to determine whether the statutory conditions limiting judicial review exist, in this case whether Mokarram waived any right he had to contest his removal. *Vuksanovic v. U.S. Att'y Gen.*, 439 F.3d 1308, 1310 (11th Cir. 2006).

The Supreme Court has stated that "an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application." *Landon v. Plasencia*, 459 U.S. 21, 32, 103 S. Ct. 321, 329, 74 L. Ed. 2d 21, 32  (1982). However, "once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly." *Id.* Indeed, Mokarram does not allege that his constitutional rights were violated at the time of his admission into the United States, but rather at the time he was deported without a hearing. Because Mokarram, who has lived in the United States for nearly twenty years, is:

> " . . . an alien who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population[,]" [he] is entitled to due process under the fifth amendment and cannot be deported "without giving him all opportunity to be heard upon the questions involving his right to be and remain in the United States."

*Jean v. Nelson*, 727 F.2d 957, 967 (11th Cir. 1984) (quoting *Kaoru Yamataya v. Fisher (Japanese Immigrant Case)*, 189 U.S. 86, 101, 23 S. Ct. 611, 615, 47 L. Ed. 721, 726 (1903)).

An alien's waiver of a right to a removal hearing under the VWP operates as a prospective waiver of his constitutional right to a removal hearing. Our sister circuits have held that because the alien is waiving a constitutional right under the VWP, that waiver must be voluntary. *See Nose v. U.S. Att'y Gen.,* 993 F2d 75, 78-79 (5th Cir. 1993) (immigrant admitted under VWP has due process right to a hearing before Immigration Judge before deportation but right can be waived if done knowingly and voluntarily); *Bayo v. Chertoff*, 535 F.3d 749(7th Cir. 2008) (knowing and voluntary standard applies to waiver under VWP). On the record before this Court, there is no evidence that Mokarram signed a waiver at all.

In the absence of that evidence, Respondent asks this Court to indulge in the presumption that Mokarram waived any right to contest his removal based solely on his admission to the United States as an alien in Class W/T, i.e., under the VWP. Respondent has not identified any established legal presumption which applies, and the Court declines to create the one proposed by Respondent. Rather, courts generally "'indulge every reasonable presumption *against* waiver' of fundamental constitutional rights." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461, 1466 (1938) (Sixth Amendment right to counsel). The

9

responsibility of demonstrating the waiver of such the right to due process rests on Respondent for this Court will not presume a waiver of such a fundamental constitutional where the record is silent. *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed. 2d 70, 77 (1962) ("(p)resuming waiver [of Sixth Amendment right to counsel] from a silent record is impermissible"); *see also Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274, 283 (1969); *Miranda v. Arizona*, 384 U.S. 436, 475-76, 82 S. Ct. 1602, 1628, 16 L. Ed. 2d 694, 724 (1966); *Barker v. Wingo*, 407 U.S. 514, 525-26, 92 S. Ct. 2182, 2189, 33 L. Ed. 2d 101, 114 (1972); *Fox v. Kelso*, 911 F.2d 563, 569-70 (11th Cir. 1990); *Pardue v. Burton*, 26 F.3d 1093, 1097 ("state's showing must be based on affirmative evidence; to 'presum[e] waiver from a silent record is impermissible'").

It would be unreasonable for this Court to conclude that waiver occurred in the absence of anything more than the entry-*ergo*-waiver logic offered by Respondent. Accordingly, this Court shall presume that no waiver of Mokarram's right to due process was made. The Court further concludes that, once Mokarram was admitted to the United States and became subject in all respects to its jurisdiction, he was entitled to due process under the Fifth Amendment and, in the absence of waiver, should not have been deported without the opportunity to be heard upon the questions involving his right to be and remain in the United States.

10

In fact, Respondent, who bears the burden of demonstrating waiver of Petitioner's constitutional right to due process, has offered nothing of any substance to support its waiver argument. At best, Respondent points to a photocopy of a Form I-94, which bears the hand-printed name of Petitioner, and stamps on documents associated with Petitioner indicating that he was inspected and admitted to the country in class W/T, i.e., under the auspices of the VWP.

Respondent theorizes that some additional portion of the Form I-94 effective on December 7, 1988, was completed prior to Mokarram's admission into the United States but was lost over the twenty years since Petitioner's entry into the country. Respondent asks this Court to believe that this missing portion of the Form I-94 would have advised Mokarram (or his parent or guardian) of the fact that he was waiving his right to a hearing upon removal if he entered the United States under the VWP. Respondent further theorizes that the remainder of the Form I-94 was submitted upon entry by Mokarram and would have borne his signature (or that of his parent or guardian), indicating his acquiescence in the waiving of his rights.

Respondent has not, however, provided a copy of the remainder of Form I-94 which may or may not have been completed by Mokarram. Respondent has not even placed in the record of this matter an example of a Form I-94 in use by immigration officials when Mokarram entered the United States in 1988. In other

11

words, not only is there no direct evidence of Mokarram's waiver of his right to due process, there is not even competent evidence "as to [the] standard practice or customary procedure [which] can be used to demonstrate compliance with constitutional standards." *Banda v. Estelle*, 519 F.2d 1057, 1058 (5th Cir. 1975) (citing *Webster v. Estelle*, 505 F.2d 926, 930 (5th Cir. 1974)).

However, a finding that Mokarram's due process rights were violated does not finally resolve Mokkaram's claims because, "[t]o prevail on a procedural due process challenge, [he] must show that he was substantially prejudiced by the violation." *Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1281 (11th Cir. 2007). In order to determine whether Mokarram was substantially prejudiced by this violation, we would need to address the merits of Mokarram's underlying claim that he was not subject to removal in the first instance. The Supreme Court has indicated that the circuit courts should not conduct *de novo* inquiries into matters Congress has exclusively entrusted to an agency, such as the Department of Homeland Security. *See I.N.S. v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272, 277 (2002). "Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id*. (citation and internal quotation marks omitted).

## IV. CONCLUSION

Accordingly, for the above-stated reasons, we **AFFIRM** the district court's

order transferring Mokarram's habeas petition to this Court, but we **VACATE** the Order of Deportation and **REMAND** this matter to the Department of Homeland Security for further proceedings consistent with this opinion.