08-6036-ag(L)
*Galluzzo v. Holder*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: December 6, 2010          Decided: January 26, 2011)

Docket Nos. 08-6036-ag; 09-2255-cv

_____

GIORGIO GALLUZZO,

*Petitioner-Appellant,*

–v.–

ERIC HOLDER, JR., U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Before:

FEINBERG, B.D. PARKER, and WESLEY, *Circuit Judges.*

Petition for review of an October 1, 2008 removal order issued by United States Immigration and Customs Enforcement and appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*) entered on March 28, 2009, dismissing Petitioner's civil action challenging the denial of his Application to Adjust Status to that of a Lawful Permanent Resident.

PETITION REMANDED.  JUDGMENT AFFIRMED.

_____

AMANDA GRAY, Bretz & Coven, LLP, New York, NY (David K. S. Kim, Matthew L. Guadagno, Jules E. Coven, Kerry W. Bretz, *on the brief*), *for Petitioner-Appellant.*

BRIENA STRIPPOLI, Trial Attorney, Office of Immigration Litigation, Civil Division (Justin R. Markel, Trial Attorney, Office of Immigration Litigation, Civil Division, Tony West, Assistant Attorney General, Carl H. McIntyre, Assistant Director, *on the brief*), *for* Eric H. Holder, Jr., United States Attorney General, Washington, D.C.

_____

PER CURIAM:

Petitioner Giorgio Galluzzo, a native and citizen of Italy, seeks review of an October 1, 2008 Order of Removal issued under § 217 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1187. U.S. Immigration and Customs Enforcement ("ICE") issued the removal order without affording Galluzzo a hearing on the ground that Galluzzo waived any right to be heard when he entered the United States through the Visa Waiver Program ("VWP") established by § 1187. Galluzzo objects that he did not waive his right to a hearing and that his due process rights were therefore violated by the issuance of the removal order without a prior hearing. Additionally, Galluzzo appeals from an order of the United States District Court for the Southern

District of New York (Rakoff, *J.*) entered on March 28, 2009, dismissing for lack of jurisdiction Galluzzo's civil action challenging the denial of his I-485 application to adjust his immigration status.

For the reasons stated below, we find that, in the absence of evidence of a waiver, Galluzzo's due process rights were violated by his failure to receive a hearing. We REMAND to allow the Department of Homeland Security to determine whether Galluzzo was substantially prejudiced by this violation. As to the district court's judgment, we AFFIRM.

**Background**

On April 12, 1995, Galluzzo entered the United States from Italy. Galluzzo concedes that he entered the United States on a ninety-day tourist visa issued through the VWP, which permits qualified visitors from certain countries to enter the United States without applying for a standard visa. *See* 8 U.S.C. § 1187(a). There is little evidence in the record, however, related to Galluzzo's entry; the record contains only a copy of Galluzzo's Italian passport and a copy of the front page of Galluzzo's Form I-94W Departure Record, filled out with his name and entry date in Italian.

Although the Government submits that Form I-94W contains a waiver provision stating that a VWP entrant waives his right to a hearing to contest removal, the Government did not submit a Form I-94W waiver into the record. Nor, more importantly, has the Government produced a signed waiver executed by Galluzzo waiving his right to contest removal.

Galluzzo stayed well beyond the permitted ninety days. Approximately three years after his entry, Galluzzo began attempting to adjust his immigration status. On January 13, 1998, Galluzzo's employer filed an Application for Employment Certification on Galluzzo's behalf. Once the Department of Labor approved that application, Galluzzo's employer then filed a Form I-140 Immigrant Petition for Alien Worker on Galluzzo's behalf; the former Immigration and Naturalization Services approved that petition on November 21, 2001. On January 10, 2002, Galluzzo then filed a Form I-485 Application to Register Permanent Resident or Adjust Status.

On November 25, 2008, Galluzzo attended what he believed to be a second interview related to his I-485 Application. Upon arrival, however, Galluzzo learned that his I-485 Application had been denied on May 24, 2007. The

denial decision informed Galluzzo that U.S. Citizenship and Immigration Services ("USCIS") found him ineligible for an adjustment of status. The decision explained that an alien's willful misrepresentation renders him ineligible for a visa and concluded, "It is clear that as a result of your blatant disregard for the terms of the VWP you have willfully misrepresented yourself in conjunction with your entry into the United States."

After he received the decision, Galluzzo alleges that he was isolated from his attorney and asked to sign certain forms. Upon his refusal, Galluzzo was reunited with his attorney and allegedly interrogated by an FBI agent about the Italian mafia; Galluzzo indicated that he did not know any reputed members of the mafia. The FBI agent then allegedly told him, "I don't think there is anything I can do here."

Galluzzo was taken into ICE custody and served for the first time with the October 1, 2008 Order of Removal. The removal order states that Galluzzo is removable because (1) he overstayed his ninety-day visa authorized under the VWP; (2) his I-485 application was denied; and (3) as a VWP entrant, he waived his right to contest removal except to

apply for asylum. Appellant remained in ICE detention from November 25, 2008 until February 26, 2009 when he was released under an Order of Supervision.

On December 11, 2008, Galluzzo filed a petition with our Court for review of his removal order. Galluzzo does not contend that he is eligible for asylum. Instead, Galluzzo challenges his removal order on the ground that he is eligible to adjust his immigration status.

On January 14, 2009, Galluzzo filed a civil action challenging the denial of his I-485 application in the Southern District of New York. On March 28, 2009, the district court dismissed Galluzzo's civil action, finding that Galluzzo's petition before our Court and his civil suit raised similar claims challenging removal. Applying the "first to file" rule, the district court refrained from exercising its jurisdiction.

Galluzzo timely filed an appeal of the dismissal of his civil action, and that action was consolidated with his petition for review of his order of removal.

**Discussion**

**A. Petition for Review**

As an initial matter, contrary to the Government's

suggestion, in the absence of a waiver, Galluzzo has a constitutional right to a pre-removal hearing.  Although an alien's constitutional rights are narrowly circumscribed prior to entry, "once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) (citation omitted); *see also Plyler v. Doe*, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments.").  Our sister circuits that have considered this issue have likewise concluded that aliens similarly situated to Galluzzo have a constitutional right, in the absence of a waiver, to a hearing.  *See Bayo v. Napolitano*, 593 F.3d 495, 502-03 (7th Cir. 2010) (en banc); *Nose v. U.S. Att'y Gen.*, 993 F.2d 75, 78-79 (5th Cir. 1993); *Mokarram v. U.S. Att'y Gen.*, 316 F. App'x 949, 952-53 (11th Cir. 2009) (unpublished).

Given that Galluzzo had a constitutional right to a hearing absent waiver and that the Government has submitted no explicit evidence of waiver, we must determine whether

Galluzzo's status as a VWP entrant alone is *de facto* proof that he waived his right to contest removal.  The statute authorizing the VWP stipulates that "[a]n alien may not be provided a waiver under the [VWP] program unless the alien has waived any right . . . to contest, other than on the basis of an application for asylum, any action for removal of the alien."  8 U.S.C. § 1187(b)(2).  Based on this statutory language, the Government argues that Galluzzo could not have entered the country absent waiver of his right to a hearing and therefore urges us to presume that Galluzzo must have waived his right to contest removal.

We decline to adopt this presumption.  In fact, we "indulge every reasonable presumption *against* waiver of fundamental constitutional rights."  *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (internal quotation marks omitted) (emphasis added).  The record is silent as to whether the Form I-94W Departure Record Galluzzo filled out upon his entry actually advised Galluzzo that he would waive his right to a hearing to contest removal by entering the country through the VWP.  More significantly, the record is likewise silent as to whether Galluzzo signed or otherwise agreed to waive his rights to contest removal.  We will not

presume away an evidentiary problem of the Government's own making. We agree with the Eleventh Circuit that "[i]t would be unreasonable for this Court to conclude that waiver occurred in the absence of anything more than the entry-*ergo*-waiver logic offered by Respondent." *Mokarram*, 316 F. App'x at 953. Absent proof of a waiver, Galluzzo suffered a violation of his right to due process when he was denied the opportunity for a hearing prior to the issuance of the removal order.

Galluzzo is not thereby entitled to relief, however, unless he can show prejudice as a result of his failure to receive a hearing. "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). We cannot determine whether Galluzzo suffered prejudice without delving into the merits of Galluzzo's underlying claims, including his contention that he is eligible to adjust his immigration status. Rather than make that determination in the first instance, we remand to allow the Department of Homeland Security to make a determination

as to prejudice. *See I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (discussing a determination of asylum eligibility and holding that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").

**B.    Appeal from the District Court**

For the reasons stated by the district court, the "first to file" rule applied to Galluzzo's claims. *See First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (explaining that "[w]here there are two competing lawsuits, the first should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second" (citations omitted) (internal ellipses omitted)). Accordingly, the district court properly acted within its discretion when it declined to exercise jurisdiction over Galluzzo's civil action.

**Conclusion**

For the above stated reasons, we REMAND Galluzzo's petition to the Department of Homeland Security for further proceedings consistent with this order. The district

court's March 28, 2009 order dismissing Appellant's civil action is hereby AFFIRMED.