13-2741-ag
*Gonzalez v. Holder*

A205-986-563

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT:  JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

---

CARLOS ALBERTO GONZALEZ,

     *Petitioner,*

     v.                                                            No. 13-2741-ag

ERIC H. HOLDER, JR.,
United States Attorney General,

     *Respondent.*

---

**FOR PETITIONER:**            PERHAM MAKABI, Kew Gardens, NY.

**FOR RESPONDENT:**           JANETTE L. ALLEN, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

Petition for review of a final order of removal issued by the United States Department of Homeland Security ("DHS").

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Carlos Alberto Gonzalez, a native and citizen of Argentina, seeks review of a final order of removal issued by the United States Department of Homeland Security ("DHS") without the benefit of a hearing on the basis that he entered the United States under the Visa Waiver Program ("VWP"), 8 U.S.C. § 1187, and waived his right to contest removal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon *de novo* review, we conclude that the record does not contain adequate evidence of waiver. The record does not include a signed copy of the applicable I-94W form waiving the right to a hearing, and Gonzalez's June 20, 2013 affidavit does not admit to signing such a form. *Cf. Bradley v. Att'y Gen. of the U.S.*, 603 F.3d 235, 239 (3d Cir. 2010) (finding sufficient evidence of waiver where petitioner admitted in declaration that he signed form waiving right to contest removal upon entry into United States). In addition, Gonzalez's acknowledgement in his affidavit "that as a participant in the visa waiver program, . . . [he] ha[s] waived" his right to contest removal is insufficient evidence of waiver under *Galluzzo v. Holder*, 633 F.3d 111, 114–15 (2d Cir. 2011) (rejecting presumption that alien's "status as a VWP entrant alone is *de facto* proof that he waived his right to contest removal").[1]

Absent waiver, Gonzalez has a constitutional right to a pre-removal hearing, but he is not entitled to relief "unless he can show prejudice as a result of his failure to receive a hearing." *Galluzzo*, 633 F.3d at 115. Accordingly, we remand to DHS to determine in the first instance whether Gonzalez has suffered prejudice.[2]

### CONCLUSION

For the reasons stated above, the petition is **GRANTED** and the case is **REMANDED** to DHS to determine whether Gonzalez can show prejudice as a result of his failure to receive a hearing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Our conclusion that Gonzalez's affidavit does not constitute sufficient evidence of waiver should not be taken to mean that a post-hoc affidavit can never constitute sufficient evidence of waiver, or that a signed I-94W is the only sufficient evidence of waiver. *See, e.g., Bradley*, 603 F.3d at 239.

[2] Gonzalez argues that under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), he need not establish prejudice to be entitled to relief. The *Accardi* doctrine, however, does not apply in this case because Gonzalez has not identified any agency regulation that DHS violated. *Cf. Montilla v. INS*, 926 F.2d 162, 166–67 (2d Cir. 1991).