[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12170
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 23, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A098-900-077
A098-900-078

DANIELA GJERGJAJ,
a.k.a. Luciana Liberti,
JASMINA GJERGJAJ,
a.k.a. Oriana Boccalini,
FRANC GJERGJAJ,
a.k.a. Renatto Boccalini,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 23, 2009)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Daniela Gjergjaj is a native and citizen of Albania. On her own behalf and for her two minor children, she seeks review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. Gjergjaj contends that she is entitled to relief based on her credible testimony about the circumstances surrounding her husband's murder. She asserts that she proved a nexus between the alleged persecution and her imputed political opinion.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, the BIA agreed with reasoning of the IJ, so we consider both decisions. Our jurisdiction to review those decisions is limited to matters properly raised and administratively exhausted in the proceedings before the IJ and the BIA. Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).

We review de novo a legal challenge to the BIA's decision. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). The factual findings are reviewed under the substantial evidence test. Al Najjar, 257 F.3d at 1283. That test requires

us to affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation marks omitted). The BIA's findings of fact "may be reversed by this court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Gjergjaj testified before the IJ that her husband had been active with the Democratic Party in Albania, had served as a police officer with the special forces, and had enemies in the opposing Socialist Party. She asserted that her husband had been murdered by a masked gunman who was a member of the Socialist Party. The IJ found that Gjergjaj's testimony was "internally consistent" and that "she attempted to testify credibly." A newspaper article in the administrative record, however, indicated that Gjergjaj's husband had been murdered because of a blood feud. On cross-examination Gjergjaj testified that there had been a blood feud, but it had occurred about seventy years ago. Despite her credible testimony, the IJ found that Gjergjaj failed to show that her husband was murdered on account of a protected ground. The IJ reasoned that Gjergjaj "may have very strong subjective beliefs that her husband was killed on account of political opinion, but it is not supported in the record." The IJ also noted that anonymous calls Gjergjaj received

3

after her husband's death indicated a financial motive for the murder.

The BIA agreed that "the record indicates that the killing was a personal and criminal matter resulting from a blood feud." The BIA emphasized that, apart from the psychological trauma related to Mr. Gjergjaj's murder, there was no evidence that Gjergjaj or her children had been personally harmed or that anyone had attempted to harm them in Albania. The BIA also focused on the fact that country conditions in Albania had changed since Gjergjaj's husband was murdered and that the Democratic Party was now in power. Furthermore, Gjergjaj's mother and brother continued to live safely in Albania without persecution.

The evidence in the record does not compel reversal of the BIA's decision. Even though Gjergjaj's testimony was credible, substantial evidence in the record supports the IJ and BIA's finding that Gjergjaj failed to show that her husband was murdered because of his political opinion. See Rodriguez Morales v. United States Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007)); see also 8 U.S.C. § 1231(b)(3). In addition to the newspaper report referring to a blood feud, some of Gjergjaj's testimony indicated that her husband was killed for financial motives rather than because of his political opinion. See Rodriguez Morales, 488 F.3d at 891. Substantial evidence also supports the IJ and BIA's finding that Gjergjaj failed to show that she had a well-founded fear of persecution because her husband's political opinion would be imputed to her. Although she heard some

4

rumors that someone might kidnap her son, no one harmed or attempted to harm Gjergjaj and her children in Albania. See Silva v. United States Att'y Gen., 448 F.3d 1229, 1237–38 (11th Cir. 2006) ("Because the record does not compel the conclusion that the past treatment to which Silva was subjected was on account of her political opinion, [petitioner's] subjective fear of future persecution is not objectively well-founded."). Also, Gjergjaj's mother and brother remain unharmed in Albania. See Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (stating that "Ruiz's claim was contradicted by his testimony that his son and his parents have remained unharmed in the region of Colombia where Ruiz allegedly was threatened"). Finally, evidence in the record indicates that country conditions have changed with the Democratic Party's rise to power. See 8 C.F.R. § 208.16(b)(1)(i).

The BIA's denial of asylum is supported by substantial evidence on the record considered as a whole. See Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Because Gjergjaj "has failed to establish a claim of asylum on the merits, [s]he necessarily fails to establish eligibility for withholding of removal or protection under CAT." Id. at 1288 n.4.

**PETITION DENIED.**