11-445-ag
Gjerjaj v. Holder

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

August Term 2011

Submitted: February 22, 2012              Decided: August 28, 2012

Docket No. 11-445-ag

_____

DANIELA GJERJAJ,

*Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

Before: LEVAL, SACK, and HALL, *Circuit Judges.*

Petitioner, a native and citizen of Albania, seeks review of a Order of Removal issued on January 24, 2011, by U.S. Immigration and Customs Enforcement ("ICE"). Petitioner entered the United States through the Visa Waiver Program ("VWP"), using a fraudulent Italian passport. Petitioner signed a waiver, as all VWP participants are required to do, agreeing to waive "any right . . . to contest, other than on the basis of an application for asylum, any action for removal of the alien." 8 U.S.C. § 1187(b)(2). Petitioner was served with the now-contested Order of Removal six years after she initially entered the country under the auspices of the VWP, which allows certain foreign citizens expedited entry into this country for a period of 90 days in exchange for a waiver of rights. During her time here, Petitioner unsuccessfully sought asylum but also married

a United States citizen, which led her to apply for an adjustment of status. That adjustment of status application, however, was denied because Petitioner became subject to the Order of Removal. Petitioner argues that the adjustment of status application should be adjudicated before she is ordered removed and that she should have the benefit of full removal proceedings. We hold that Petitioner knowingly and voluntarily waived her right to contest her removal on any basis other than asylum, and having participated in her asylum-only proceeding, Petitioner may not contest removal on the ground that she filed an adjustment of status application after she overstayed the time she was authorized to be in this country. In so holding, we join our sister circuits who have considered this issue and have all concluded that a VWP participant may not contest his or her removal on the basis of an adjustment of status application filed after the 90-day period during which a VWP participant may stay in the country.

PETITION DENIED.

---

Mary Elizabeth Delli-Pizzi,
Babylon Village, New York,
*for Petitioner Daniela Gjerjaj*

Tony West, Assistant Attorney General;
Ernesto H. Molina, Jr., Assistant Director;
Dana M. Camilleri, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington D.C.,
*for Respondent Eric H. Holder, Jr.,*
*United States Attorney General.*

---

PER CURIAM:

Petitioner Daniela Gjerjaj,[1] a native and citizen of Albania, seeks review of a Order of Removal issued on January 24, 2011, by U.S. Immigration and Customs Enforcement ("ICE").  Gaining entry into the United States through the Visa Waiver Program ("VWP"), Gjerjaj arrived in January 2005 using a fraudulent Italian passport.  As a VWP participant, Gjerjaj had a 90-day window during which she could lawfully remain in the country.  And like all VWP participants, she signed a waiver agreeing to waive "any right . . . to contest, other than on the basis of an application for asylum, any action for removal of the alien."  8 U.S.C. § 1187(b)(2).  She subsequently applied for asylum, and the matter was referred to an immigration judge, who denied her application. While her appeal of that decision was pending, she filed an adjustment of status application seeking to remain in this country on the grounds that she was married to a United States citizen. After Gjerjaj had exhausted her asylum appeals, she was ordered removed based on her status as a VWP participant who stayed past 90 days and has had an opportunity to participate in asylum-only proceedings.  As a result of the removal order, her adjustment of status application was denied.  Gjerjaj petitions this Court, requesting full removal procedures.  Further, she argues that she was entitled to a decision on the merits of her adjustment of status application, and that the government's issuance of a removal order without a hearing and without consideration of her adjustment of status application

---

[1]  Gjerjaj's surname is sometimes spelled Gjergjaj.

amounts to due process and equal protection violations. We hold that Gjerjaj knowingly and voluntarily waived her right to contest her removal on any basis other than asylum, and having had her asylum-only proceeding, Gjerjaj may not now contest removal on the ground that she filed an adjustment of status application after she overstayed the time she was authorized to be in this country. In so holding, we join our sister circuits who have considered this issue and have concluded that a VWP participant may not contest his or her removal on the basis of adjustment of status application filed after the 90-day period during which a VWP participant may stay in the country.

### *Background*

Gjerjaj entered the United States under the VWP in January 2005 using a fraudulent Italian passport bearing the name "Luciana Liberti."[2] Using the name Liberti, she signed the Form I-94W, which contains a clause required by statute acknowledging that by participating in the VWP, she waives any right to contest her removal, other than on a basis advanced by way of an asylum application. 8 U.S.C. § 1187(b)(2). The government has produced a copy of the signed I-94W, with the following clause appearing directly below Gjerjaj's signature:

> WAIVER OF RIGHTS: I hereby waive any rights to review or appeal of an immigration officer's determination as to my admissibility, or to contest, other than on the basis of application for asylum, any action in deportation.
>
> Resp.'s Br., Ex. A.

---

[2] Gjerjaj entered the United States with two children who are not parties to these proceedings because their status was adjusted to that of Lawful Permanent Residents.

In March 2005, Gjerjaj filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), alleging that her husband had been killed by socialists in Albania due to his involvement with the Democratic Party. As a VWP participant, she was referred to an immigration judge ("IJ") for her asylum-only proceedings. The IJ denied her application for relief, finding that she was credible but concluding that she was ineligible for asylum. In April 2009, the Board of Immigration Appeals ("BIA") dismissed Gjerjaj's appeal from that decision, agreeing with the IJ that she had not established eligibility. In December 2009, the Eleventh Circuit denied Gjerjaj's petition for review of the BIA's decision. *See Gjergjaj v. U.S. Att'y Gen.*, 358 F. App'x 98 (11th Cir. 2009) (unpublished).

About four years after she had overstayed the initial 90-day period of authorized time a VWP participant may stay in this country, but before the completion of her asylum proceedings, in April 2009 Gjerjaj married a United States citizen who filed on her behalf an I-130 Petition for Alien Relative. About three months later, the petition was approved, and Gjerjaj applied for adjustment of status. Thereafter the U.S. Citizenship and Immigration Services ("USCIS") denied Gjerjaj's adjustment of status application based on its conclusion that aliens who enter under the VWP and who have been placed in asylum-only proceedings are ineligible to adjust their status even if an immediate relative petition has been approved. Gjerjaj filed a timely motion for reconsideration in December 2010. In January 2011, however, Gjerjaj was served with an order of removal issued by ICE. The removal order was issued on the ground that Gjerjaj had overstayed

the period she was lawfully authorized to stay in this country and had waived any right to object to her removal, except in asylum-only proceedings, when she entered the United States through the VWP. After that removal order was issued, USCIS denied Gjerjaj's motion for reconsideration reasoning that Gjerjaj remained in the United States beyond the period of authorized stay for VWP participants and that she was subject to a final order of removal.

Gjerjaj argues that she is not bound by the terms of the VWP because she is not a citizen of one of the select countries whose citizens may enter under that program. Even if she is subject to its terms, she argues that she did not knowingly waive her rights to contest her removal. Finally, she argues that by filing an adjustment of status application, she is entitled to a hearing and decision on that application regardless of her removability. For that reason, she argues, the issuance of ICE's removal order that resulted in USCIS's denial of her application for adjustment of status violated her constitutional rights to due process and equal protection. On these grounds, she requests a hearing prior to her removal and a full and fair opportunity for her adjustment of status application to be reviewed.

### *Discussion*

We have jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1). We review *de novo* questions of law, including constitutional claims. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

-6-

The VWP "permits qualified visitors from certain countries to enter the United States without applying for a standard visa." *Galluzzo v. Holder*, 633 F.3d 111, 113 (2d Cir. 2011). Qualified visitors from certain countries (Albania not among them) may stay in the United States for a period up to 90 days, but "in exchange for the benefit of entering under the expedited process of the [VWP], the signing alien agrees to waive any right to challenge removability except by way of an asylum claim." *Shabaj v. Holder*, 602 F.3d 103, 104 (2d Cir. 2010).

Notwithstanding Gjerjaj's arguments, she is bound by the terms of the VWP. *See Shabaj*, 602 F.3d at 105-06. In *Shabaj*, we held that a person who enters the country based on a false passport under the auspices of the VWP is nevertheless bound by its terms. *Id.* In keeping with the holding of *Shabaj*, therefore, Gjerjaj is precluded from denying that the requirements of the VWP program do not apply to her because she is not from a country whose citizens may be lawful VWP participants.

Gjerjaj also asserts that even if she is technically in the VWP, she did not knowingly and voluntarily waive her rights to contest her removal (as the VWP requires participants to do). The record does not support this argument. The government has produced a copy of a Form I-94W, signed by Gjerjaj, in which she explicitly waived her right to challenge her removal. *See Galluzzo*, 633 F.3d at 115 (concluding that the government is required to prove that an alien participated in the VWP). Assuming, *arguendo*, that a VWP waiver is valid only if it has been entered into knowingly and voluntarily, we conclude further that Gjerjaj was presumed to know the law and her rights

-7-

when she read and signed the waiver.  *Cf.* 8 C.F.R. § 208.3(c)(2); *Zhi Wei Pang v. Bureau of Citizenship & Immigration Servs.*, 448 F.3d 102,107-08 (2d Cir. 2006) (discussing presumption in asylum proceedings that an applicant's signature on a Form I-589 indicates his or her understanding of its contents).  Gjerjaj has not presented any evidence to establish that her signature on the I-94W was involuntary or that she did not understand the language in which the document was written.  *Cf. Bayo v. Napolitano*, 593 F.3d 495, 505-06 (7th Cir. 2010) (en banc) (declining to address whether an alien may not be bound by the VWP program if he does not understand the language in which the waiver was written).  The VWP offers aliens "the benefit of expedited entry" as a *quid pro quo* in exchange for a waiver of rights; having received that benefit, Gjerjaj is bound to accept the VWP's strictures.  *See Shabaj*, 602 F.3d at 105.

Finally Gjerjaj argues that the asylum-only removal proceedings are inadequate because she had an adjustment of status application pending prior to the time ICE issued the removal order.  Generally speaking, Gjerjaj argues that the denial of her adjustment of status application based solely on the existence of the removal order and on her status as a an overstayed VWP participant amounts to a due process violation.  We disagree.

Congress explicitly permits a VWP participant to apply for adjustment of status pursuant to an immediate relative petition.  *See* 8 U.S.C. § 1255(c)(4).  Congress also provided explicitly that VWP participants could contest their removability on only asylum grounds.  *See* 8 U.S.C. § 1187(b)(2).  Accordingly, Gjerjaj waived her right to invoke as a defense to her removal any of the procedural protections that would be associated with an

adjustment of status application. To conclude otherwise would be contrary to the plain language of the statute, and if we did so, we would frustrate Congress's goal of allowing VWP participants expeditious entry into the country but streamlining their removal. We join our sister circuits in holding that a VWP participant may not contest removal on the basis of an adjustment of status application filed after the that participant overstays the 90-day period of authorized stay. *See, e.g.*, *Bayo*, 593 F.3d at 506-507; *McCarthy v. Mukasey*, 555 F.3d 459, 462 (5th Cir. 2009); *Momeni v. Chertoff*, 521 F.3d 1094, 1097 (9th Cir. 2008); *Ferry v. Gonzales*, 457 F.3d 1117, 1127-29 (10th Cir. 2006).[3] Having provided Gjerjaj an asylum-only proceeding, the agency properly ordered her removal because she "received all the . . . process to which [s]he was entitled." *Shabaj*, 602 F.3d at 106.

Gjerjaj also advances an equal protection argument, asserting that she was denied equal protection because, although USCIS has historically adjudicated adjustment of status applications filed by an alien after her initial 90 days under the VWP expire, in this case, USCIS initially denied her application on these very grounds. Gjerjaj's real complaint is that she was ordered removed before her adjustment of status procedures were completed, and, as we have already held, *supra*, she has waived her right to contest her removability on that basis. *See id.* at 105-06. In sum, Gjerjaj, as a VWP participant, waived her right to

---

[3] We do specifically decline to address and leave for another day the question whether an adjustment of status application filed before the 90-day window closes may serve as a defense to removal. *See Freeman v. Gonzales*, 444 F.3d 1031, 1035-37 (9th Cir. 2006).

any procedural protections associated with her removal (except the opportunity to apply for asylum) and, thus, ICE's removal order was properly issued after Gjerjaj participated in the asylum-only proceedings to which she was entitled.

We have considered Petitioner's remaining arguments, and we find them to be without merit. For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.