15-4177
Ramos-Gorrin v. Lynch

BIA
Connelly, IJ
A208 078 140

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand seventeen.

PRESENT:
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                  Circuit Judges.
_____

OMAR RAMOS-GORRIN,

                  Petitioner,

         v.                                    15-4177

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

                  Respondent.
_____

FOR PETITIONER:                  Stephen K. Tills, Orchard
                                 Park, New York.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant Director; Hillel R. Smith, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Omar Ramos-Gorrin, a citizen of Spain and Cuba, seeks review of a December 14, 2015, decision of the BIA affirming the August 25, 2015, decision of an Immigration Judge ("IJ") denying his motion for a continuance in asylum-only proceedings. In re Omar Ramos-Gorrin, No. A208 078 140 (B.I.A. Dec. 14, 2015), aff'g No. A208 078 140 (Immig. Ct. Batavia Aug. 25, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006). We review the IJ's denial of a request for a continuance "under a highly deferential standard of abuse of discretion." Morgan v. Gonzales, 445 F.3d 549, 551 (2d Cir. 2006). The IJ did not abuse its discretion in denying Ramos-Gorrin's motion to continue his asylum-only proceedings to pursue adjustment of status under the Cuban Adjustment Act.

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. The IJ abuses his discretion only if his "decision rests on an error of law (such as application of the wrong legal principle)[,] . . . a clearly erroneous factual finding[,] or . . . cannot be located within the range of permissible decisions." Morgan, 445 F.3d at 551-52 (quoting Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir. 2001)).

Under the Visa Waiver Program ("VWP"), "certain aliens may enter the United States without a visa for up to 90 days if they waive their right to contest any action for deportation (other

than on the basis of an asylum application) against them." Jean-Baptiste v. Reno, 144 F.3d 212, 216-17 (2d Cir. 1998); see also 8 U.S.C. § 1187. In asylum only proceedings (commenced after a VWP violator seeks asylum),

> [t]he scope of review . . . [is] limited to a determination of whether the alien is eligible for asylum or withholding or deferral of removal, and . . . all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief.

8 C.F.R. § 1208.2(c)(3)(i). And, although a VWP participant may adjust to lawful status, he "may not contest removal on the basis of an adjustment of status application filed after that participant overstays the 90-day period of authorized stay." Gjerjaj v. Holder, 691 F.3d 288, 293 (2d Cir. 2012) (addressing adjustment based on immediate relative visa petition).

Because Ramos-Gorrin did not apply to adjust status prior to expiration of his 90-day authorized stay, he was not permitted to contest his removal or obtain a continuance in order to do so in his asylum-only proceedings. See 8 C.F.R. § 1208.2(c)(3)(i); Gjerjaj, 691 F.3d at 293. Moreover, Ramos-Gorrin admitted that he was not eligible to adjust status at the time he requested a continuance. See Elbahja v. Keisler, 505 F.3d 125, 128-29 (2d Cir. 2007) (providing that because "the petitioner was not, at the time of the hearing, 'eligible for adjustment of status, . . . he had no right to yet another delay in the proceedings so that he could attempt to become eligible for such relief'" (quoting Morgan, 445 F.3d at 552)). Accordingly, the agency did not abuse its discretion in finding no good cause to continue Ramos-Gorrin's proceedings. See Morgan, 445 F.3d at 551-52.

For the foregoing reasons, the petition for review is **DENIED**.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK

3