# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-1666

SALAH AHMED ABDELHAFEIH TAHA, a/k/a Salah Abdelhafeih Taha,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Department of Homeland Security.

Submitted: January 22, 2018                    Decided: February 14, 2018

Before GREGORY, Chief Judge, and DUNCAN and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Vienna, Virginia, for Petitioner. Chad A. Readler, Principal Deputy, Assistant Attorney General, Shelley R. Goad, Assistant Director, Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salah Abdelhafeih Taha, a native of Sudan and a citizen of Spain who entered the United States in March 2000 under the Visa Waiver Program (VWP), seeks review of an Order of Removal issued on April 26, 2017, by the Department of Homeland Security. Taha contends that his due process rights were violated because his most recent application for adjustment of status was denied by United States Citizenship and Immigration Services (USCIS) based in part on a removal order issued in 2013 that was never served on Taha. For the reasons that follow, we dismiss the petition for review.

To participate in the VWP, an alien must agree to waive any right to (1) administrative or judicial review of an immigration officer's determination as to admissibility; and (2) "contest, other than on the basis of an application for asylum, any action for removal of the alien" after admission. 8 U.S.C. § 1187(b) (2012). Pursuant to the waiver, aliens who are admitted under the VWP and fail to comply with its terms are not entitled to proceedings before an Immigration Judge unless they apply for asylum, which Taha did not. Our review discloses that Taha concedes that he entered the United States under the VWP and remained here beyond the authorized 90-day period, and he does not contest that he waived his right to contest removal. Taha could and did apply for adjustment of status, in December 2003 and November 2014. However, he could not, as a result of his VWP waiver, dispute the denial of his adjustment of status application as a defense to removal. *See Gjerjaj v. Holder*, 691 F.3d 288, 293 (2d Cir. 2012) (holding that a VWP participant may not contest removal on the basis of an adjustment of

2

status application filed after the participant overstays the 90-day period of authorized stay).

Accordingly, we find that we are without jurisdiction to review Taha's due process challenge to the denial of his application for adjustment of status, which is not part of the instant 2017 Order of Removal and is being handled separately through USCIS. We therefore dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

3