Wang v. Whitaker

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of January, two thousand nineteen.

Present:        PIERRE N. LEVAL,
                ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

DE MING WANG, AKA DO MANG WANG,

                *Petitioner*,

                v.                                          17-3989-ag

MATTHEW G. WHITAKER, ACTING UNITED
STATES ATTORNEY GENERAL,

                *Respondent*.

_____

Appearing for Petitioner:     Robert F. Graziano, Buffalo, NY.

Appearing for Respondent:     Anna Juarez, Trial Attorney (Chad A. Readler, Acting Assistant
                              Attorney General, Melissa Neiman-Kelting, Assistant Director; *on
                              the brief*), Office of Immigration Litigation, United States
                              Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner De Ming Wang, a native and citizen of the People's Republic of China, seeks review of a December 5, 2017, decision of the BIA dismissing his appeal of a July 12, 2017, decision of an Immigration Judge ("IJ") ordering his removal and finding him ineligible for cancellation of removal or a waiver of inadmissibility. *In re De Ming Wang*, No. A 071 768 837 (B.I.A. Dec. 5, 2017), aff'g No. A 071 768 837 (Immig. Ct. Batavia July 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Wang was ordered removed on account of a conviction for a crime involving moral turpitude ("CIMT"), limiting our jurisdiction to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D). Our review is thus confined to the issues of whether (1) the Government established Wang's removability based on a material misrepresentation, (2) denying him the right to seek a fraud waiver based solely on his classification as an arriving alien violates equal protection, and (3) Wang is statutorily eligible for relief from removal. *See Kungys v. United States*, 485 U.S. 759, 772 (1988) (materiality of misrepresentation); *Gjerjaj v. Holder*, 691 F.3d 288, 292-93 (2d Cir. 2012) (equal protection); *Argueta v. Holder*, 617 F.3d 109, 112 (2d Cir. 2010) (statutory eligibility for discretionary relief from removal). We review such questions de novo. *Pierre v. Holder*, 738 F.3d 39, 47 (2d Cir. 2013). We review an IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

The BIA declined to review the IJ's determination that Wang was inadmissible because, in his prior asylum applications, he committed fraud or made a material misrepresentation. Instead, in finding Wang inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), the BIA relied on his failure to reveal his second marriage in his application to adjustment of status to lawful permanent resident ("LPR") based on his third marriage.

Although Wang is removable for a CIMT, the agency erred by finding Wang inadmissible for fraudulently obtaining his LPR status. The Government must prove removability by clear and convincing evidence. *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 78 (2d Cir. 2008). The Government charged Wang as removable under 8 U.S.C. § 1182(a)(6)(C)(i). Under this provision, an alien is inadmissible if he, "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit." 8 U.S.C. § 1182(a)(6)(C)(i). "Willful" is defined as an act "done intentionally and deliberately and if it is not the result of an innocent mistake, negligence or inadvertence." *Emokah v. Mukasey*, 523 F.3d 110, 116-17 (2d Cir. 2008) (internal quotation marks omitted). A material fact is one that "was predictably capable of affecting, i.e., had a natural tendency to affect, the official decision." *Monter v. Gonzales*, 430 F.3d 546, 558 (2d Cir. 2005) (internal quotation marks omitted). An alien "procures" an immigration benefit "through material misrepresentation when that misrepresentation was determinative to the alien's success in obtaining the benefit sought." *Emokah*, 523 F.3d at 117.

2

"[W]here an immigration court finds that an alien has made a material misrepresentation, the IJ must also determine whether that alien has rebutted the resulting presumption that he or she would have been removable if the true facts had been known to the [agency]." *Monter*, 430 F.3d at 557; *see also Emokah*, 523 F.3d at 117 ("Proof that an alien has made a material misrepresentation in the course of applying for an immigration benefit creates a rebuttable presumption that the alien procured the benefit by means of this misrepresentation. . . . To rebut this presumption, the alien must demonstrate that knowledge of his true circumstances would not have led to the denial of the benefit." (internal citation omitted)).

The agency found that Wang's "failure to report his second marriage on his application for adjustment of status shut off a line of inquiry relevant to his eligibility for adjustment of status" because his adjustment to LPR status was based on his subsequent marriage to a U.S. citizen. But this omission was not material. The Department of Homeland Security found Wang's third marriage to a U.S. citizen valid, such that the omission of his second marriage did not affect the outcome of his adjustment application. *See Emokah*, 523 F.3d at 117; *Monter*, 430 F.3d at 558; *see also* 8 U.S.C. § 1255(a) (describing requirements for adjustment of status); *cf.* 8 C.F.R. § 204.2(a)(1)(ii) (stating that 8 U.S.C. § 1154(c) "prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws" (emphasis added)).

Before the agency, DHS argued that Wang's willful failure to report his second marriage in his adjustment application was material because it prevented the adjudicator from verifying that all prior marriages were legally dissolved or terminated before the grant of permanent residency. But this argument is unavailing because Wang's second marriage was, in fact, terminated at the time of his application. Specifically, the divorce certificates in the record show that Wang secured a divorce from his first wife in 1995 in China, Wang married his second wife in the United States in 1996, and the divorce from his second wife was finalized in 1997. According to his adjustment application, Wang married his third wife in 1998. Wang's concession that his second marriage was not "factual," is irrelevant: it only matters whether Wang entered his third marriage for the purpose of avoiding immigration laws because that marriage is the only one through which he attempted to obtain an immigration benefit. See 8 C.F.R. § 204.2(a)(1)(ii). The record does not reflect, nor did the agency suggest, that Wang's second wife was a U.S. citizen or an LPR, that he attempted to obtain an immigration benefit through his second marriage, or that he did not enter his third marriage in good faith.

Moreover, even if Wang's omission of his second marriage was material, the agency did not consider whether he rebutted the presumption of materiality by presenting evidence of the facts he omitted from his adjustment application—that he was twice divorced rather than once divorced—and showing that, had the adjudicator known about his second marriage when assessing his case, he would still have met the statutory requirements for LPR status. *See Monter*, 430 F.3d at 557. Wang met this requirement because (1) he provided the agency with evidence of his divorces, which took place before he married his third wife, and (2) that evidence showed that he met the statutory qualification for marriage-based adjustment to LPR status—that of a bona fide (third) marriage entered in good faith. *Id.*

3

Accordingly, the Government failed to establish his removability under 8 U.S.C. § 1182(a)(6)(C)(i) based on his application to adjust LPR status. Because Wang did not conceal a material fact in his application for LPR status, the other ground of inadmissibility based on his lack of a valid entry document cannot apply. Thus, the only remaining ground of removability is the CIMT charge. Accordingly, Wang's argument that denying him the right to seek a fraud waiver violates equal protection is moot.

Given that the agency incorrectly determined that Wang was never lawfully accorded permanent resident status, the agency should have considered his eligibility for cancellation of removal. Cancellation is discretionary relief for LPRs (whether inadmissible or deportable) who have been LPRs for at least five years, resided in the United States continuously for at least seven years, and not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). Wang appears to meet all three requirements: he became an LPR in 2000 and has continuously lived in the United States since that time, and his 2010 conviction, which occurred more than seven years after his adjustment to LPR status, was not found to be an aggravated felony. Thus, remand is warranted for the agency to determine conclusively whether Wang is eligible for cancellation and whether he merits that relief as a matter of discretion. Alternatively, on remand the BIA might consider whether the fraud ground of removability, 8 U.S.C. § 1182(a)(6)(c)(i), is supported by Wang's asylum applications, in which case Wang's equal protection argument regarding the unavailability of a fraud waiver may again become an issue.

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4