Singh v. Barr

BIA
Vomacka, IJ
A200 286 037

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand nineteen.

PRESENT:
PIERRE N. LEVAL,
JOSÉ A. CABRANES,
GERARD E. LYNCH,
        *Circuit Judges.*
_____

TEJINDER SINGH,
        *Petitioner,*

        v.                                      17-470
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Kohsei Ugumori,
                         Senior Litigation Counsel; David
                         Kim, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tejinder Singh, a native and citizen of India, seeks review of a January 23, 2017, decision of the BIA affirming a February 12, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tejinder Singh,* No. A200 286 037 (B.I.A. Jan. 23, 2017), *aff'g* No. A200 286 037 (Immig. Ct. N.Y. City Feb. 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Dera Sacha Sauda sect ("DSS") attacked him in 2007 and 2008 and threatened to kill him if he did not join their sect in 2011.

The agency reasonably relied on inconsistencies between Singh's credible fear interview and his testimony because the interview record was sufficiently reliable. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). The interview was conducted with an interpreter, the interview was memorialized in a typewritten question and answer format, the questions posed were designed to elicit details of Singh's asylum claim, and Singh's responses indicated that he understood the questions. *See* *Ming Zhang*, 585 F.3d at 724-25. And Singh's statements at

3

the interview were inconsistent with his testimony regarding whether he knew why his father did not report his 2007 attack to police, how many people attacked him in 2008, whether he or his father reported his 2008 attack to police, whether DSS members approached him on his way to or from temple in 2011, and whether they gave him one or two months to join their sect. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh did not compellingly explain these inconsistencies, *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)), but rather his changing and inconsistent explanations provided further support for the adverse credibility determination, *see* 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency also reasonably relied on discrepancies in Singh's evidence regarding the medical attention he received in 2007. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In his written statement and testimony, Singh stated that he went to a clinic for first aid and denied having gone to a hospital. However, he submitted a letter from a doctor stating that Singh had

4

been admitted to a hospital in critical condition. In attempting to explain this inconsistent evidence, Singh provided various, conflicting explanations that bolstered the adverse credibility determination. He first stated that he did not know where he was treated, he then claimed that the clinic and hospital were the same place but the name had changed, and finally he stated that the clinic and hospital were not the same place but next door to each other thus confusing him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency noted, the country conditions evidence did not corroborate that DSS uses violence to recruit Sikhs, but rather discussed ongoing clashes between DSS and mainstream Sikhs over various religious disagreements. And the agency did not err in

declining to afford significant weight to statements from Singh's parents, friend, and village leader because the authors were not available for cross-examination and the statements contain many of the same inconsistencies as Singh's testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter because it was unsworn and from an interested witness).

Given Singh's inconsistent statements and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Contrary to Singh's argument, the IJ did not violate due process by questioning Singh extensively, but rather fulfilled his duty to identify inconsistencies in the record and provide Singh an opportunity to explain them. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or

that [he was] otherwise deprived . . . of fundamental fairness." (quotation marks omitted)); *Ming Shi Xue v. BIA*, 439 F.3d 111, 127 (2d Cir. 2006) ("[B]ecause the alleged inconsistency certainly is not self-evident, the IJ (or the INS) should have brought it to the alien's attention to ensure that [petitioner] had an opportunity to explain why the profile did not undercut his account.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court
