Lin v. Barr

BIA
Lamb, IJ
A205 611 039

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of April, two thousand nineteen.

PRESENT:
    GUIDO CALABRESI,
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

DONG LIN,
        *Petitioner,*

    v.                                          17-875
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Michael E. Piston, Piston &
                        Carpenter, P.C., New York, NY.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Anthony P.
                        Nicastro, Assistant Director;
                        Tracey N. McDonald, Trial
                        Attorney, Office of Immigration
                        Litigation, United States
                        Department of Justice, Washington,
                        DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dong Lin, a native and citizen of the People's Republic of China, seeks review of a February 28, 2017, decision of the BIA affirming a June 8, 2016, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Lin,* No. A 205 611 039 (B.I.A. Feb. 28, 2017), *aff'g* No. A 205 611 039 (Immig. Ct. N.Y. City June 8, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard); *Gjerjaj v. Holder*,

691 F.3d 288, 292 (2d Cir. 2012) (reviewing constitutional claims de novo).

The agency denied Lin's application, finding that he was not credible given misrepresentations that undermined his alleged practice of Christianity. The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the agency's adverse credibility determination.

Lin's inconsistent testimony regarding whether he lived in New York or Florida provides substantial evidence for the adverse credibility determination because it called into

question the main premise of his asylum claim, that he was a practicing Christian. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). The agency was not required to credit Lin's explanation that he lived in New York but worked in Florida, particularly because Lin's own testimony was that he only returned to New York every two to three months while working in Florida. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Lin's testimony that he worked in Florida and came to New York every two or three months was inconsistent with his testimony that he attended church in New York twice a month. Lin argues that the BIA engaged in improper fact finding by noting this inconsistency in the first instance and that he was never given an opportunity to explain this inconsistency. Although the IJ did not explicitly state that Lin's testimony that he attended church twice a month was inconsistent with his testimony that he only returned to New York every two to

4

three months, the IJ concluded that Lin's testimony that he worked in Florida undermined his claim that he was attending church in New York. The BIA did not engage in improper fact finding in evaluating the record to determine whether there was any error in the IJ's finding. *See* 8 C.F.R. § 1003.1(d)(3) (providing that BIA reviews IJ's findings of fact only for clear error).

Furthermore, because the inconsistency was "plainly obvious," the agency was not required to call it to Lin's attention and solicit an explanation. *Cf. Ming Shi Xue v. BIA,* 439 F.3d 111, 121 (2d Cir. 2006) ("[W]here the perceived incongruities in an asylum applicant's testimony are not plainly obvious, an IJ cannot rely on them to support an adverse credibility ruling without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them."). Although Lin provided flight details for trips between Florida and New York, the evidence does not show he was active in the church because he was in New York for only short periods.

Additionally, the record does not reflect that the agency failed to consider evidence that Lin became a public opponent

5

of the Chinese government in May 2012 and participated in a public protest again in April 2013. The IJ acknowledged that Lin's name and photograph appeared in the media; however, given the lack of credibility regarding his motivation for those protests, there was no basis for finding a credible claim that he would continue those activities in China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[T]he agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered."). Furthermore, the BIA did not err in declining to take administrative notice of the 2015 Department of State Religious Freedom Report. Because Lin's claim that he was actively participating in a Christian church was not credible, the report's discussion of the treatment of Christians was not relevant to the agency's decision.

Lin's inconsistent testimony regarding where he lived and the frequency of his church attendance completely undermines his credibility and provides substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency regarding basis of

asylum claim constitutes substantial evidence). Because Lin's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court