23-8043-ag
*Sahin v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty-five.

Present:
>           DEBRA ANN LIVINGSTON,
>                   *Chief Judge*,
>           JOSÉ A. CABRANES,
>           BARRINGTON D. PARKER,
>                   *Circuit Judges.*

_____

DERVIS ERDEM SAHIN,

>           *Petitioner*,

           v.                                                    23-8043-ag

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

>           *Respondent.*

_____

| | |
|---|---|
| For Petitioner: | ADAM SEIGEL (Estelle M. McKee, Yubin Oh, *on the brief*), Cornell Law School, Ithaca, NY; Jillian Nowak, Prisoners' Legal Services of New York, Buffalo, NY. |
| For Respondent: | JESSICA D. STROKUS, Office of Immigration Litigation (Anthony C. Payne, Assistant Director, *on the brief*), *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Dervis Erdem Sahin seeks review of a November 28, 2023, decision of the BIA affirming a July 14, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture. *In re Dervis Erdem Sahin,* No. A 246 915 301 (B.I.A. Nov. 28, 2023), *aff'g* No. A 246 915 301 (Immig. Ct. Buffalo July 14, 2023). On appeal, Sahin charges that the IJ failed to comply with the agency's regulations when the IJ denied him a reasonable opportunity to review a State Department Country Report, *Montilla v. INS*, 926 F.2d 162 (2d Cir. 1991), and that the IJ failed to investigate his competency, *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **DENY** the petition for review.

**A. Failure to Comply with Regulations**

We review Sahin's challenge to the IJ's failure to comply with the agency's regulations *de novo*. *See Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012). The Fifth Amendment "protects aliens in deportation proceedings from procedures that transgress the fundamental notions of 'fair play'" inherent to due process. *Rajah v. Mukasey*, 544 F.3d 427, 441 (2d Cir. 2008) (citing *Montilla*, 926 F.2d at 164). Ordinarily, to show a due process violation, a noncitizen must demonstrate prejudice. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008); *Montilla*, 926 F.2d at 167. However, a petitioner is not required to "make a showing of prejudice before he is entitled to relief" upon showing that 1) the agency failed to follow its own regulation, and 2) that regulation concerned fundamental rights derived from the Constitution or federal statute. *See*

2

*Montilla*, 926 F.2d at 166–170; *Rajah*, 544 F.3d at 446; *Waldron v. INS*, 17 F.3d 511, 518 (2d Cir. 1993).

Here, Sahin claims remand is warranted under *Montilla* because the IJ violated 8 C.F.R. § 1240.10(a)(4) when it gave him only five minutes to review a State Department Country Report after he informed the IJ that he had not received it. We disagree. The regulation Sahin points to requires an IJ to "advise" an individual in removal proceedings that he "will have a reasonable opportunity to examine and object to the evidence against him." 8 C.F.R. § 1240.10(a)(4). The IJ did precisely that on April 5, 2023. Because the IJ did not violate this regulation, Sahin's *Montilla* challenge fails. *See Aquino v. Att'y Gen.*, 53 F.4th 761, 767 (3d Cir. 2022).

*Montilla* does not compel a different result. In *Montilla*, the IJ informed the noncitizen of his right to an attorney but did not comply with the part of the regulation that *required* the IJ to elicit an answer from him on the spot. 8 C.F.R. § 1240.10(a)(1) (requiring an IJ to advise the noncitizen of their right to representation and requiring the noncitizen to state on the record "then and there" whether he or she desires it); *Montilla*, 926 F.2d at 169; *see also Picca v. Mukasey*, 512 F.3d 75, 79 (2d Cir. 2008). But 8 C.F.R. § 1240.10(a)(4) has no language imposing a similar requirement that the IJ affirmatively verify whether a respondent wishes to invoke their right of reasonable review or to enforce that right on the respondent's behalf. We therefore reject Sahin's attempts to argue that 8 C.F.R. § 1240.10(a)(4) encompasses an obligation for the IJ either to determine whether a respondent wishes to invoke the right to have a reasonable opportunity to examine and object to the evidence against him or to enforce that right on behalf of the respondent. The onus is instead on a respondent to invoke and enforce that right. A respondent's failure to do so does not constitute a violation of the regulation by the IJ.

**B. Failure to Investigate Competency**

A noncitizen is "presumed to be competent to participate in removal proceedings." *M-A-M-*, 25 I. & N. Dec. at 477. "Absent indicia of mental incompetency," an IJ has no obligation to analyze a noncitizen's competency. *Id.* A noncitizen is competent to participate in immigration proceedings where "he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* at 479. "When there are indicia of incompetency, an [IJ] must take measures to determine whether a respondent is competent to participate in proceedings." *Id.* at 480–81.

Here, there were no indicia of incompetency warranting further measures. Sahin informed the IJ that he had post-traumatic stress disorder ("PTSD") as a result of the 2023 earthquake in Turkey, which occurred before he came to the United States, and was taking anxiety medication. He submitted medical reports to the BIA confirming his diagnoses and detailing his treatment. However, "a diagnosis of mental illness does not automatically equate to a lack of competency." *Id.* at 477, 480. Rather, the test is whether the individual has a "rational and factual understanding of the nature and object of the proceedings . . . and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* at 479. The record does not reflect indicia that Sahin did not understand the nature of the proceedings or did not have a reasonable opportunity to examine and present evidence because of his PTSD and anxiety. He was responsive to the IJ's inquiries about whether he understood questions or the nature of the proceedings, asked questions when he did not understand something, answered complex factual questions, advocated for extensions, provided photographs as evidence pertinent to his claims, and countered the government's arguments concerning his eligibility for relief.

Moreover, Sahin raised his mental health issues primarily when asked why he had yet to procure corroborating documents—but he also stated that conditions in Turkey were the reason for the delay and indicated that he had evidence but did not submit it because he thought he would be released from detention. In other words, Sahin did not raise the issue of his mental health in a way suggesting that he was having trouble understanding the proceedings or what the IJ required of him. *Id.*

\*　　\*　　\*

We have considered Sahin's remaining arguments and find them to be without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk