Singh v. Garland

BIA
Douchy, IJ
A208 200 734

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

GURINDERJIT SINGH,
> *Petitioner,*

v.                                                      **20-612**
                                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Deepti Vithal, Richmond Hill, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; John S. Hogan, Assistant Director, Todd J. Cochran, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurinderjit Singh, a native and citizen of India, seeks review of a January 21, 2020 decision of the BIA affirming an April 19, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Gurinderjit Singh*, No. A208 200 734 (B.I.A. Jan. 21, 2020), *aff'g* No. A208 200 734 (Immigr. Ct. N.Y.C.Apr. 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

2

Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to facts de novo); *see also Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012) ("We review *de novo* questions of law, including constitutional claims.").

As an initial matter, we reject Singh's argument that the IJ deprived him of due process by admitting and considering country conditions evidence submitted by the Department of Homeland Security ("DHS") on the day of the hearing. Singh has not shown that he was deprived of a full and fair hearing or that he suffered prejudice because of the timing of the evidentiary submission. *See Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010)(holding that petitioner had to show "that the outcome of his removal proceedings would have been . . . different" but for the alleged due process violation); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (requiring petitioner to show prejudice to state a due process claim); *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 104 (2d Cir. 2006)(requiring petitioner to show she was deprived of "a full and fair opportunity to present [her] claims" (quotation marks

3

omitted)). Singh's attorney was provided an opportunity to review DHS's evidence and respond in her closing argument, and Singh has not shown what other arguments or evidence he would have raised if afforded more time. *See Debeatham*, 602 F.3d at 486.

Moreover, we find no error in the agency's determination that the record established that Singh could safely relocate within India. Where, as here, the agency concludes that an asylum applicant suffered past persecution, the applicant is entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1).* The burden then shifts to DHS to rebut that presumption. *Id.* § 1208.13(b)(1)(ii). DHS may rebut the presumption if it establishes by a preponderance of the evidence that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii); *see also Surinder Singh v. BIA*,

---

* Citations to the regulations are to the version in effect at the time of the agency's decisions.

435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). The IJ considers, among other relevant factors, "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3). When the alleged persecutor is the government itself or an organization or group that is government-sponsored, it is presumed that internal relocation would not be reasonable. *Id.* § 1208.13(b)(3)(ii).

As an initial matter, here the agency properly determined that Singh was not persecuted by the government, so there is no presumption that relocation would not be reasonable. *Jagdeep Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or, as Singh alleges of the Akali Dal Badal, is aligned with a party in power nationally—does not establish that the

5

applicant was persecuted by the government.").

Second, the agency properly determined that DHS demonstrated Singh could safely relocate within India. DHS submitted a 2017 report by the Law Library of Congress, which indicates that "[t]here appear to be no legal obstacles for members of the Sikh faith to relocate to other areas of India." Certified Administrative Record at 204. According to the report, "[o]nly hard-core militants appear to be of interest to central Indian authorities" and "holding pro-Khalistani views would not make someone a high-profile militant." *Id.* The Law Library report notes that, according to a 2001 census, approximately 5 million of the 19 million Sikhs in India live outside of Punjab, *id.* at 205, and "members of the Sikh religion are able to practice their faith without restriction in all states of India," *id.* at 207. The report further notes that only high-profile militants are at risk of harm. *Id.* at 208–09.

Third, the agency properly determined that it would be reasonable for Singh to relocate given his education and work experience as a computer techinician. *See* 8 C.F.R. § 1208.13(b)(3). Accordingly, this record "does not compel

6

the conclusion that internal relocation would not avert future persecution." *Jagdeep Singh*, 11 F.4th at 116. The agency's finding that Singh could safely relocate is dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that where record does not demonstrate chance of persecution required for asylum, it "necessarily fails to demonstrate" the likelihood of harm for withholding of removal and CAT relief).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7