Garcia v. Garland

BIA
Kolbe, IJ
A201 347 244

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-three.

PRESENT:
>JOSEPH F. BIANCO,
>STEVEN J. MENASHI,
>BETH ROBINSON,
>>*Circuit Judges.*

_____

MARIO RENE GARCIA,
>*Petitioner*,

>v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>*Respondent*.

20-2241
NAC

_____

FOR PETITIONER:       Edgar L. Fankbonner, Goldberger & Dubin, PC, New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant
                            Attorney General; Claire L.
                            Workman, Senior Litigation
                            Counsel; John F. Stanton, Trial
                            Attorney, Office of Immigration
                            Litigation, United States
                            Department of Justice, Washington,
                            DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mario Rene Garcia, a native and citizen of Guatemala, seeks review of a June 15, 2020, decision of the BIA affirming a November 13, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and his motion for a continuance. *In re Mario Rene Garcia*, No. A201 347 244 (B.I.A. June 15, 2020), *aff'g* No. A201 347 244 (Immig. Ct. N.Y. City Nov. 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency did

not err in finding that Garcia failed to establish his eligibility for relief based on his claim that gang members assaulted him when he was 15 years old or in denying his request for a continuance to obtain a psychological examination to determine whether he suffers from post-traumatic stress disorder ("PTSD") or attention-deficit/hyperactivity disorder ("ADHD").

Asylum and Withholding of Removal

The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, "we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

An applicant for asylum and withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."

3

8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105-06, 114 (2d Cir. 2022). Garcia failed to establish that the harm he suffered and fears was or would be on account of a protected ground.

Garcia asserted that gang members had and would target him on account of his membership in social groups comprised of "skilled tradespersons" and "Guatemalans who have informed on the gangs to local authorities" and on account of an imputed anti-gang political opinion. "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of h[is] membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quotation marks and citation omitted). For a political opinion claim, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005), which "must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities, an entity that seeks to directly influence laws, regulations, or

4

policy, an organization that aims to overthrow the government, or a group that plays some other similar role in society," *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (citations omitted).

The agency reasonably concluded that Garcia failed to establish a nexus between the harm he suffered and fears and his proposed social groups or an imputed anti-gang opinion. He testified that gang members twice targeted him for recruitment and financial purposes. He did not testify that they were interested in him on account of his trade. And aside from his testimony that gang members called him a "snitch," among other names, as he rode public transport sometime between the attack he reported to police in 1994 and his departure from Guatemala in 2006, Garcia did not testify that gang members were aware of his police report or that they ever mentioned it to him. Nor did he testify that he had expressed a disagreement with the gang's "belief system, policies, or practices," or that the gang members accused him of such opinion. *Zelaya-Moreno*, 989 F.3d at 199–200. Accordingly, Garcia did not provide facts connecting his attacks and his fears based on those attacks to his membership in the social groups of "skilled tradespersons" and

5

"Guatemalans who have informed on the gangs to local authorities" or to an imputed anti-gang political opinion. Accordingly, the agency did not err in finding that the gang targeted him based on the gang's interest in recruiting members and accumulating wealth, which are not protected grounds. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"); *see also Zelaya-Moreno*, 989 F.3d at 200 ("[R]efusing to join a gang without more does not constitute a political opinion."); *Yueqing Zhang*, 426 F.3d at 545 (requiring "direct or circumstantial evidence" of nexus); *Melgar de Torres v. Reno*, 191 F.3d 307, 313-14 (2d Cir. 1999) (noting that "random violence" and "general crime conditions" are not grounds for asylum).

Because Garcia failed to establish a nexus between the harm he suffered and fears and a protected ground, which was dispositive of asylum and withholding of removal, we do not consider the agency's alternative finding that Garcia's proposed groups were not cognizable. *See* 8 U.S.C.

6

§§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

CAT Relief

Unlike asylum and withholding of removal, protection under the CAT does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). CAT applicants have the burden to show they would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c), 1208.18(a). The agency reasonably concluded that Garcia did not establish a likelihood of torture because he was attacked decades earlier, he had remained unharmed in Guatemala for more than a decade after he was attacked, his teenage children remain unharmed in his hometown, and gang members had not threatened him with future harm. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003) (providing that a likelihood of torture requires an applicant

7

to "establish that there is greater than a fifty percent chance . . . that he will be tortured upon return to his . . . country of origin").  Because Garcia failed to establish a likelihood of torture, we do not reach the agency's alternative finding that he did not demonstrate the requisite government acquiescence to torture.  *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a); *see also Bagamasbad*, 429 U.S. at 25.

Continuance

Garcia argues that the agency abused its discretion and violated due process by failing to grant a continuance for a psychologist to evaluate him.  We review the agency's denial of a continuance for abuse of discretion, *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006), and constitutional claims de novo, *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012).  An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and only "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within

8

the range of permissible decisions," *Morgan*, 445 F.3d at 551–52 (quotation marks and brackets omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quotation marks omitted). "In order . . . to show . . . actual prejudice, [a petitioner] must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application." *Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir. 1994).

The agency did not abuse its discretion or violate due process in denying a continuance because, contrary to Garcia's argument, a psychological report diagnosing him with PTSD and ADHD would not have changed the outcome of his case by excusing the untimely filing of his asylum application, demonstrating his incompetence to proceed, or establishing his eligibility for humanitarian asylum. *See Morgan*, 445 F.3d at 551–52; *Rabiu*, 41 F.3d at 882–83; *cf. Elbahja v. Keisler*, 505 F.3d 125, 129 (2d Cir. 2007) (concluding that an IJ does not abuse his discretion by denying a continuance sought to pursue relief that is speculative). First, the

agency did not rely on the untimeliness of Garcia's asylum application to deny relief. Second, Garcia's attorney never expressed concern with his competency and the record did not include indicia of mental incompetence, such as the "inability to understand and respond to questions, the inability to stay on topic, . . . a high level of distraction[,] . . . [or] evidence of mental illness." *Matter of M–A–M–*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011). Third, Garcia was not eligible for humanitarian asylum because he failed to establish that he suffered past persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1)(iii) (humanitarian asylum provision); *Kone v. Holder*, 596 F.3d 141, 153 (2d Cir. 2010) (recognizing "humanitarian asylum's foundational requirement that the applicant must herself establish past persecution and herself be a refugee"). Accordingly, the agency did not abuse its discretion or violate Garcia's due process rights in denying a continuance. *See Morgan*, 445 F.3d at 551-52; *Garcia-Villeda*, 531 F.3d at 149.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court