Negriel v. Garland

BIA
Driscoll, IJ
A206 940 848

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

ISRAEL NEGRIEL,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6638 (L),
22-6312 (Con)
NAC

_____

**FOR PETITIONER:** Aaron J. Aisen, Brenda A. Cisneros-Vilchis, Erie County Bar Association Volunteer Lawyers Project, Inc., Batavia, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Matthew B. George, Senior Litigation Counsel; Timothy Bo Stanton, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**FOR AMICUS CURIAE**
**AMERICAN IMMIGRATION**
**LAWYERS ASSOCIATION:** David J. Zimmer, Goodwin Procter LLP, Boston, MA.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Israel Negriel, a native and citizen of Haiti, seeks review of December 8, 2021, and June 10, 2022, decisions of the BIA affirming a July 7, 2021, decision of an Immigration Judge ("IJ") ordering removal and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and denying reconsideration. *In re Israel Negriel*, No. A206 940 848 (B.I.A. Dec. 8, 2021 & June 10, 2022), *aff'g* No. A206 940 848 (Immigr. Ct. Batavia Jul. 7, 2021). We assume the parties' familiarity with the underlying

facts and procedural history.

We have considered the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Negriel was ordered removed in 2021 on two independent bases: (1) he had been convicted of a "crime of child abuse," which rendered him removable under 8 U.S.C. § 1227(a)(2)(E)(i), and (2) his conditional permanent resident status had been terminated on July 8, 2018, rendering his removable under 8 U.S.C. § 1227(a)(1)(D)(i).

In his brief before this Court, Negriel challenges only the first basis for his removal—namely, that his conviction for third-degree rape under New York Penal Law § 130.25(2) was not for a "crime of child abuse" and thus not a removable offense under 8 U.S.C. § 1227(a)(2)(E)(i). We do not reach this issue because Negriel conceded removability on the alternate ground that his conditional permanent resident status had been terminated. Certified Administrative Record ("CAR") at 119-20, 122. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

In a footnote of his brief before this Court, Negriel argues that this alternate ground of removability is "moot," seemingly meaning that he is no longer

3

removable on the ground that his conditional status had been terminated. On this point, he states that on August 12, 2021, he filed an I-130 Petition for Alien Relative; that on August 16, 2021, U.S. Citizenship and Immigration Services ("USCIS") "granted him an extension of conditional residency for 18 months while his I-130 was pending"; and that USCIS subsequently approved his I-130. Pet'r Br. at 5 n.3.

There are three distinct flaws in Negriel's argument. First, Negriel did not challenge this ground of removability before the BIA; thus, any challenge to it is unexhausted and not properly before us. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is "mandatory" when the Government raises it). Second, even if Negriel had preserved this mootness argument before the BIA, he has forfeited review by making only passing mention of it in a footnote of his brief to this Court. *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review."); *see also Wong v. Garland*, 95 F.4th 82, 95 (2d Cir. 2024). Third, Negriel is wrong on the merits, because his argument is based on an incomplete description of USCIS's actions. In the August 2021 notice stating that Negriel's conditional status was extended

for 18 months, USCIS specified that the extension was ineffective if such status had already been terminated. CAR at 54 ("This extension and authorization for employment and travel does not apply to you if your conditional resident status has been terminated."). As noted above, Negriel admitted before the IJ that his status had indeed been terminated on July 8, 2018. CAR at 119-20, 122, 633. Accordingly, by its own terms, the August 2021 USCIS notice did not extend Negriel's conditional permanent resident status, and it accordingly did not eliminate that basis for the IJ's removal order.

Negriel also argues that the IJ deprived him of due process by denying a continuance for him to present more thorough expert testimony in support of his application for asylum, withholding of removal, and CAT relief. We review a due process claim de novo. *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012). To prevail on a due process claim in removal proceedings a petitioner must show that he was deprived a "full and fair opportunity" to present his case, *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted), and demonstrate resulting prejudice, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). Negriel has not made this showing.

Negriel alleged that he would be targeted in Haiti for being apolitical, his

5

rape victim's family would harm him, he would be subject to gang violence, and the Haitian government would detain and torture him because of his conviction. His expert witness, Michelle Karshan, testified for half an hour on issues directly related to these claims for relief. She further provided a detailed written declaration about conditions in Haiti and what she believed would happen to Negriel if returned. The IJ found Karshan credible, but concluded that Negriel failed to establish a well-founded fear of future harm based on a protected ground or that he could not relocate within Haiti. Negriel argues that further testimony might have "yielded important information relevant to the judge's deliberations." But this is mere speculation on his part. Negriel does not identify any subjects relevant to his claims for relief as to which Karshan did not testify. Because Negriel has not identified, before either the BIA or this Court, what specific additional information Karshan could have provided or how further testimony would have altered the IJ's analysis, he has failed to establish the prejudice required to state a due process claim. *See Garcia-Villeda*, 531 F.3d at 149.

Finally, as discussed above, because Negriel conceded removability based on the termination of his conditional status and has not stated a due process claim, we find no grounds for finding that the BIA abused its discretion in denying

reconsideration. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) ("An abuse of discretion may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (quotation marks omitted)).

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7